**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT NASHVILLE**

**FILED**

July 26, 1999

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. NO. 01C01-9810-CC-00401 |
| Appellee, | ) (No. F-41278 Below) |
| | ) |
| VS. | ) RUTHERFORD COUNTY |
| | ) The Hon. Joseph S. Daniel |
| **REGINALD COBB,** | ) |
| | ) **(Sentencing)** |
| Appellant. | ) |
| | ) **AFFIRMED PURSUANT TO RULE 20** |

## O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. Upon reviewing the record, the appellant's brief, and the state's motion, we find that it is an appropriate matter for affirmance under Rule 20.

On October 29, 1996, the appellant was arrested in Rutherford County and charged with resisting arrest, possession of a weapon during the commission of a felony, possession of a Schedule IV substance with intent to deliver, aggravated assault, delivery of a Schedule II substance, and sale of a Schedule II substance. The appellant was released on bond in the amount of $29,000.

Thereafter, in December of 1996, the appellant was arrested in Davidson County and charged with two counts of aggravated assault, one count of aggravated burglary, and one count of possession of a weapon by a convicted felon. The appellant was convicted of these offenses and sentenced on January 22, 1998.

On July 1, 1998, the appellant pled guilty in Rutherford County to possession of a Schedule II substance with intent to sell over 26 grams, for which he received a 10 year sentence, and to possession of a weapon in the commission of a felony, for which he received a 4 year sentence. At a sentencing hearing, held on August 31, 1998, the trial court ordered these sentences to run consecutively to the Davidson County sentences pursuant to Tenn. R. Crim. P. 32.

On appeal, the appellant contends that the trial court erred by interpreting Rule 32 as mandating that the Rutherford County sentences run consecutively to the Davidson County sentences.

Tenn. R. Crim. P. 32(c)(3) provides:

> (3) Mandatory Consecutive Sentences.--Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> (A) To a sentence for a felony committed while on parole for a felony;
>
> (B) To a sentence for escape or for a felony committed while on escape;
>
> (C) To a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses; and
>
> (D) Any other ground provided by law.

(emphasis added).

In State v. Blanton, 926 S.W.2d 953 (Tenn. Crim. App. 1996), this Court held that under Rule 32, the trial court properly imposed consecutive sentences when the appellant was first convicted of the offense committed while on bail and then convicted of the offense which released him on bail. Id. at 961. Accordingly, based on the language of Rule 32 and the holding in Blanton, the Court finds that the trial court correctly ordered the appellant's Rutherford County sentences to run consecutively to his Davidson County sentences.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules, is granted, and the judgment of the trial court is affirmed. It appearing that the petitioner is indigent, costs of these proceedings are taxed to the state.

_____
THOMAS T. WOODALL, JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
JERRY L. SMITH, JUDGE